```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MONTANA
                     MISSOULA DIVISION
       _____

KENNETH McDANIEL,
                                    CAUSE NO. CV 06-22-M-JCL
              Plaintiff,

       vs.
                                    FINDINGS AND RECOMMENDATION
STATE OF MONTANA,                   OF U.S. MAGISTRATE JUDGE

              Defendant.
       _____
```

I.  **INTRODUCTION**

 Plaintiff filed the instant suit in state district court on December 30, 2005, naming the State of Montana as the sole defendant.  The suit apparently has its genesis in the State's decision to file a petition to revoke a suspended sentence which had been imposed upon the Plaintiff in state criminal proceedings.  Plaintiff asserts the action of the State in petitioning for revocation: (1) breached the terms of a written contract previously executed between the parties in resolution of the purported probation violation; and (2) operated to deprive him of procedural due process of law.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

The State removed the case to this Court by notice filed February 10, 2006. The State claims removal is appropriate under 28 U.S.C. § 1441(b), because the Complaint appears to allege a civil rights claim cognizable under 42 U.S.C. § 1983, and therefore is within the original jurisdiction of this Court. 28 U.S.C. § 1331.

Plaintiff has timely filed a motion pursuant to 28 U.S.C. § 1447 requesting the case be remanded to state court. The State opposes remand.

For the reasons detailed below, it is my conclusion that removal was not proper because this Court, contrary to the suggestion of the State, does not possess original jurisdiction over the subject matter of the controversy. The Plaintiff's motion should be granted, and the case remanded to the Montana Eleventh Judicial District Court, Flathead County.

## II.  DISCUSSION

Section 1331 of Title 28 provides federal district courts with original jurisdiction over "all actions arising under the Constitution, laws, or treaties of the United States." The general removal statute (28 U.S.C. § 1441), in turn, allows a defendant to remove a case from state to federal district court if the case is one over which the federal court would have had "original jurisdiction." *See, e.g. Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 2

The State invokes federal question jurisdiction under § 1331, in conjunction with 28 U.S.C. § 1343(a)(3) to justify its removal of this case. Specifically, the State contends the Plaintiff's Complaint must necessarily be construed as advancing a civil rights claim under 42 U.S.C. § 1983. The State acknowledges the Complaint does not expressly reference § 1983 or the United States Constitution. Nonetheless, the State claims that, in substance, the Plaintiff has plead a § 1983 claim by alleging the State "acted under color of state law" when it breached the written contract "without procedural due process of law." *See* Compl. at ¶¶ VII and VIII. The State also emphasizes the Complaint seeks an award of attorney fees under 42 U.S.C. § 1988. *See* Compl., at pg. 3.

In moving for remand, the Plaintiff argues and "stipulates that the complaint does not allege a claim under 28 USC 1331." Pl.'s Objection to Removal at pg. 1. The Court understands the Plaintiff's objection to be that his claims are predicated upon state law and that he has not alleged a claim under 42 U.S.C. § 1983.

### A. The "Well-Pleaded Complaint Rule"

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998). In

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 3

reviewing a complaint to determine whether a federal question exists, the court applies the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In order for removal to be appropriate under the well-pleaded complaint rule, a federal question must appear on the face of a properly pleaded complaint unaided by the answer or petition for removal.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The well-pleaded complaint rule makes the Plaintiff the master of his complaint.  The Plaintiff may avoid federal jurisdiction by asserting only state law claims.  *Caterpillar*, supra, 482 U.S. at 399; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[P]laintiff is the "master" of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal.").  The choice belongs to the Plaintiff. *Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1118 (9th Cir. 2002).  Moreover, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Financial*

*Services, Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

As noted above, although Plaintiff might be able to assert either state law civil rights claims or federal civil rights claims, he is the master of his pleading. Therefore, the Court will construe his alleged "civil rights violations and breach of contract" claims as arising solely under state law.

Although the Court finds there is no federal claim alleged in this case under the well-pleaded complaint rule, the Court must further consider the artful pleading doctrine. *Lippitt*, 340 F.3d at 1041. As a corollary to the well-pleaded complaint rule, under the artful pleading doctrine a plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Id*. (internal citations and quotations omitted). Under such doctrine "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id*. The case law decisions caution, however, that the artful pleading doctrine should be invoked in limited circumstances as it raises difficult issues and would cause a federal court to tread upon a "doctrinal minefield". *Id*. Therefore, the courts have invoked the doctrine in limited situations such as in (1) complete preemption cases,

and (2) substantial federal question cases. *Id*. This second category of cases includes cases where (1) a substantial question of federal law is a *necessary* element of the state law claims pled, or (2) the relief depends on the resolution of a substantial federal question. *Id*.

Even under the artful pleading doctrine the Court finds the Plaintiff in this case has not sought to artfully avoid pleading a federal claim. Where a plaintiff could plead a claim as either a state law claim or as a federal claim under 42 U.S.C. § 1983, the plaintiff is entitled to elect not to plead the § 1983 claim. The fact that a § 1983 claim could be pled is not grounds for invoking the artful pleading doctrine. *State of Nevada v. Culverwell*, 890 F. Supp. 933, 937-38 (D. Nev. 1995); *Johnson v. Edmisten*, CV 04-100-BU-RFC, March 15, 2005 Order at 3.

For the reasons discussed, the Court should not construe Plaintiff's Complaint as alleging a federal claim under 42 U.S.C. § 1983. The Plaintiff has chosen to plead his claims exclusively under state law. As such, his state law claims cannot provide a basis for federal subject matter jurisdiction, and in the absence of such jurisdiction this "case shall be remanded." 28 U.S.C. § 1447(c). *See also Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 618 (2002) (concluding the federal court can decline to exercise jurisdiction over state law

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 6

claims as permitted by 28 U.S.C. § 1367(c)(3), and such claims should be remanded to the state court).

### B. Jurisdiction and the Eleventh Amendment

Even if the Court were to construe Plaintiff's Complaint as pleading a federal claim under 42 U.S.C. § 1983, there exists an additional basis for concluding there is no federal subject matter jurisdiction over this case.  The sole named defendant in this action is the State of Montana.  The civil rights statute at 42 U.S.C. § 1983 provides a vehicle for the imposition of liability against any "person" who, while acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or laws of the United States.  It is well-settled that the State of Montana cannot be a "person" within the meaning of § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  This conclusion is supported, in part, by the Eleventh Amendment of the U.S. Constitution which bars suits against a State in federal court unless the State has waived its immunity.[1]  *Will*, 491 U.S. at 66.  Accordingly, the Plaintiff's Complaint does not present a valid federal claim

---

[1] Although a State's voluntary act of removing a case to federal court constitutes a waiver of its Eleventh Amendment immunity against state law claims brought in federal court (*Lapides*, 535 U.S. at 624), it is not clear such removal constitutes a waiver of a state's immunity against federal claims. *Lapides*, 535 U.S. at 617 (limiting its waiver holding to the context of state-law claims).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 7

against the State of Montana (*Lapides*, 535 U.S. at 617) and, therefore, the allegations cannot provide a basis for federal subject matter jurisdiction.

Based on the foregoing, the Court hereby enters the following:

### RECOMMENDATION[2]

Plaintiff's Motion for Remand should be **GRANTED.**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this   20th   day of June, 2006.

　　　　　　　　　　　　　　　　 /s/ Jeremiah C. Lynch
　　　　　　　　　　　　　　　　Jeremiah C. Lynch
　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2]Motions for remand are dispositive matters and can only be ordered by the district court.  See *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001) and *In re U.S. Healthcare*, 159 F.3d 142, 145 (3rd Cir. 1998).